UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:10-00043 |
| | ) | JUDGE CAMPBELL |
| MICHAEL DONNELL PARKER | ) | |

ORDER

Pending before the Court is the Defendant's Motion Requesting Clarification Of Jail Credit (Docket No. 55), filed by the Defendant pro se. Through the Motion, the Defendant requests that the Court clarify the amount of jail credit the Defendant is to receive.

To the extent the Defendant seeks to amend the Judgment in this case, the request is DENIED. A district court has the authority to alter a sentence only in certain narrow circumstances: (1) to correct a "clear error" within fourteen days after imposition of sentence, Fed.R.Crim.P. 35(a); (2) to correct a clerical error at any time, Fed.R.Crim.P. 36; (3) to grant a motion made by the Government for a reduced sentence, Fed.R.Crim.P. 35(b); (4) to correct a sentence upon remand from a higher court, 18 U.S.C. § 3742; (5) to apply a Sentencing Guideline made retroactive, or to the extent otherwise expressly permitted by statute, 18 U.S.C. § 3582(c)(1)(B), (c)(2); and (6) upon a motion by the Director of the Bureau of Prisons, 18 U.S.C. § 3582(c)(1). United States v. Penson, 526 F.3d 331(6th Cir. 2008); United States v. Robinson, 368 F.3d 653, 656-57 (6th Cir. 2004). This case does not fall within any of these categories.

To the extent the Defendant seeks an order requiring the Bureau of Prisons to credit him with certain jail time he served, the request is DENIED. Courts have held that a prisoner's challenge to the execution of his sentence, including the determination of credit for time served,

must be filed under 28 U.S.C. § 2241 in the district court having jurisdiction over the prisoner's custodian. See, e.g., Sutton v. United States, 172 F.3d 873 (6th Cir. 1998); Doan v. Lamanna, 28 Fed.Appx. 297, 2001 WL 1299260 (6th Cir. Aug. 10, 2001); United States v. Ford, 16 Fed.Appx. 314, 2001 WL 861737 (6th Cir. June 20, 2001). Defendant's Motion has not been brought under Section 2241, nor does it indicate compliance with the procedural requirements of Section 2241. In addition, Defendant's filing indicates that he is incarcerated in Kentucky, which is outside the jurisdiction of the Middle District of Tennessee. Thus, the Court does not have jurisdiction of the Defendant's challenge to any Bureau of Prison's determination.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE